# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
C. McWhorter, Deputy
4/4/2024 11:22:40 AM
Filing ID 17606079

**Plaintiff's Attorneys:**

Michael E Medina - Primary Attorney
Bar Number: 014846, issuing State: AZ
Law Firm: Davis Miles, PLLC
999 E Playa Del Norte Dr, Ste 510
Tempe, AZ 85288
Telephone Number: (480)344-0957
Email address: mmedina@davismiles.com

CV2024-007594

Steven Weinberger
Bar Number: 015349, issuing State: AZ
Law Firm: Davis Miles, PLLC
Telephone Number: (480)344-0959

Thomas M Paris
Bar Number: 6209691, issuing State: IL
Law Firm: Thomas M. Paris, Attorney at Law
Telephone Number: (312)759-1600

**Plaintiffs:**

John Mancini

Susan Mancini

**Defendant:**

Werner Co.

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Product Liability - Toxic/Other

AZTurboCourt.gov Form Set #8663903

Clerk of the Superior Court
*** Electronically Filed ***
C. McWhorter, Deputy
4/4/2024 11:22:40 AM
Filing ID 17606081

Person/Attorney Filing: Michael E Medina
Mailing Address: 999 E Playa Del Norte Dr, Ste 510
City, State, Zip Code: Tempe, AZ 85288
Phone Number: (480)344-0957
E-Mail Address: mmedina@davismiles.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 014846, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

John Mancini, et al.
Plaintiff(s),
v.
Werner Co.
Defendant(s).

Case No. CV2024-007594

**SUMMONS**

To: Werner Co.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZTurboCourt.gov Form Set #8663903

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *April 04, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *C. MCWHORTER*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #8663903

Clerk of the Superior Court
*** Electronically Filed ***
C. McWhorter, Deputy
4/4/2024 11:22:40 AM
Filing ID 17606078

# DAVIS | MILES
### ATTORNEYS AT LAW

999 N Playa Del Norte, Suite 510
Tempe, AZ 85288
Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com
**Michael E. Medina, Jr., Bar No. 014846**
mmedina@davismiles.com
**Steven E. Weinberger, Bar No. 015349**
sweinberger@davismiles.com
*Attorneys for Plaintiff*

**Thomas M. Paris** (to be admitted *pro hac vice*)
**Thomas M. Paris, Attorney at Law**
55 W Monroe St, Suite 3330
Chicago, IL 60603
tp@tomparislaw.com

## SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOHN MANCINI and SUSAN MANCINI, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER CO., a foreign corporation; DOES I through X, ABC PARTNERSHIPS I through X, and BLACK CORPORATIONS I through X,<br><br>Defendants. | NO.:   CV2024-007594<br><br>**COMPLAINT** |

Plaintiffs John Mancini and Susan Mancini, by and through undersigned counsel, allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiffs John Mancini and Susan Mancini are husband and wife.

2.    Plaintiffs John Mancini and Susan Mancini are residents of Maricopa County, Arizona.

1

3.	Defendant Werner Co. (hereafter "Werner") is a foreign corporation doing business and licensed to do business in Maricopa County, Arizona.

4.	Defendant Werner considers itself and  represents itself  as a world leader in ladders and markets its ladders to construction professionals and homeowners through a variety of means including national home improvement stores such as Lowes and Home Depot.

5.	At all times relevant to this suit, Defendant Werner participated in placing the Subject Ladder (as defined below) into the stream of commerce by participating in the research, development, design, manufacture, manufacture process evaluation and supervision, sale, marketing, testing, inspection, inspection process evaluation, export, import, distribution and/or evaluation of post-manufacture warranty and claims information of Werner ladders.

6.	By these actions, Defendant Werner is and was doing business in Maricopa County, Arizona (and throughout Arizona) by conducting substantial, continuous, and systematic business activities in Maricopa County, State of Arizona (and throughout Arizona).

7.	Defendants DOES I-X, ABC Partnerships I-X, and XYZ Corporations I-X are corporations, businesses, entities, persons, agents, servants, or employees whose true names are not known to Plaintiff at the present time. Plaintiffs are informed and upon information and belief, allege that DOES I-X, ABC Partnerships I-X, and XYZ Corporations I-X are residents of the State of Arizona or are doing business in the State of Arizona. When the true names of said persons, agents, servants, employees, corporations, or entities become known to Plaintiffs, they will ask leave of the court to amend the Complaint to reflect such true names together with the appropriate charging instruction allegations. Each of these Defendants caused Plaintiffs' injuries and damages by their negligence or by their breach of duties owed to Plaintiffs or is otherwise responsible as a matter of law for the acts of others who caused Plaintiffs' injuries and damages by such negligence and breach of duty.

8.	All acts complained of were done by Defendants or their authorized agents,

2

and if done by Defendants' employees, were performed while in the course and scope of their employment so that Defendants are legally responsible for their agents' or employees' acts.

### GENERAL ALLEGATIONS

9.    Plaintiffs John and Susan Mancini hereby incorporate by reference all prior allegations of this Complaint as though fully set forth herein.

10.    In 2020, Plaintiff John Mancini purchased an eight-foot aluminum Werner ladder (Subject Ladder) from non-party Home Depot, near his home in Surprise, Arizona.

11.    During 2020, up until December 22, 2020, the Subject Ladder was used on approximately one occasion.

12.    Plaintiff John Mancini did use the Subject Ladder to install gutters on his home without incident, prior to the subject incident upon which this suit is based.

13.    When the Subject Ladder was not in use, Plaintiff John Mancini safely stored the Subject Ladder in his garage.

14.    As of December 22, 2020, Plaintiff John Mancini was an experienced ladder user who was knowledgeable in ladder safety. He was educated as a mechanical engineer.

15.    For years he worked for Olin Corporation. During his working career he underwent more than 400 hours of OSHA training, including training on the safe use and storage of ladders. At times he oversaw the work of more than 400 tradesmen and mechanics who regularly used ladders as part of their work.

16.    While employed, Plaintiff John Mancini regularly inspected ladders and removed from service the ladders that were worn out. Whenever he removed a ladder from service, he personally, or instructed a co-worker, to cut up/destroy the ladder before it was thrown in a dumpster so that the ladder could never be used again.

17.    Despite his level of experience, he never heard the term "racking" which has been used to describe what occurred on December 22, 2020 to the Subject Ladder.

18.    Werner was one of the approved ladders that Plaintiff John Mancini was permitted to purchase and provide to his tradesmen/co-workers while he was employed. He

3

authorized the purchase of many Werner ladders as he believed Werner manufactured quality ladders.

19.    Prior to and during 2020, Plaintiff John Mancini owned a six-foot fiberglass ladder at his home in Surprise, Arizona.

20.    During 2020, Plaintiff John Mancini was installing approximately ten feet of gutters to the back of his home. Although Plaintiff John Mancini stands 6'2" tall, he knew that he would need an eight-foot ladder to carry out the job safely. He visited a local Home Depot store and purchased the Subject Ladder. The Subject Ladder was on clearance and cost approximately $75.00. He was not expecting to regularly use/need an eight-foot ladder.

21.    On December 22,2020, John Mancini was in the garage of a next-door neighbor and friend, Dave. The purpose of the visit was to look in Dave's attic to see what materials he would need for an anticipated job to install a light over Dave's work bench. Plaintiff John Mancini and Dave were not in a hurry. Plaintiff John Mancini brought the Subject Ladder to use for this purpose.

22.    The surface upon which John Mancini set up the Subject Ladder was a cement garage floor with a very low pile carpet over it.

23.    Dave used the carpet to maintain automobile tire integrity in his garage when he was away from his Arizona home, as summer heat would otherwise cause the tires to deteriorate.

24.    After safely setting up the Subject Ladder, using "muscle memory" to ensure his safety, and in the presence of Dave, an extremely experienced ladder user himself, Plaintiff John Mancini ascended the ladder in a safe manner, never exceeding the recommended safe distance described by Defendant Werner on its label. Plaintiff John Mancini had ample opportunity to view and inspect the attic after he opened the hatch and did so. He was not in a hurry and there were no distractions present, nor did any occur. Plaintiff John Mancini was standing on approximately the fourth step on the Subject Ladder, which allowed him to see into the attic space.

25.    While Plaintiff John Mancini was visually inspecting the attic area, the ladder

4

"racked," crumbled, bent, and caused Plaintiff John Mancini to fall.

26.    The ladder was rated for 250 pounds, Plaintiff John Mancini weighed at least thirty pounds below the rating.

## COUNT I – STRICT PRODUCTS LIABILITY
## AGAINST DEFENDANT WERNER

27.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

28.    Defendant Werner designed, manufactured, tested, inspected, warranted, imported, marketed, distributed, and sold the Subject Ladder.

29.    At the time of the sale of the Subject Ladder, Defendant Werner was in the business of designing, manufacturing, importing, distributing, marketing, and selling ladders.

30.    At the time the Subject Ladder was designed, manufactured, marketed, sold, and placed into the stream of commerce, the Subject Tire was in a defective and unreasonably dangerous condition.

31.    At the time of Plaintiff John Mancini's fall, the Subject Ladder was being used in a manner foreseeable by the Defendant Werner and as so used, was defective, unfit and unreasonably dangerous for its intended and/or foreseeable uses.

32.    The Subject Ladder was additionally defective and unreasonably dangerous in that Defendant Werner failed to provide adequate warnings including, but not limited to, warnings about the potential for a ladder walking or moving, while otherwise appearing to be stable on all for legs.

33.    Acting to serve its own interests, Defendant Werner consciously disregarded the substantial risk that its conduct might significantly injure the rights of others, including consumers such as Plaintiff John Mancini and consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to consumers such as Plaintiff John Mancini. Defendant Werner should therefore be required to respond to the Plaintiff John Mancini in exemplary and punitive damages.

5

34.    Plaintiff John Mancini's fall and injuries were a direct and proximate result of a defect or defects in the Subject Ladder. As a result, Defendant Werner should be held strictly liable in tort to Plaintiff John Mancini.

35.    As a direct and proximate result of the defective nature of the Subject Ladder, Plaintiff John Mancini suffered significant bodily injuries, some of which are permanent in nature and has since undergone extensive medical treatment.

36.    Plaintiff John Mancini has further experienced severe emotional distress, pain and suffering, and loss of enjoyment of life, caused by Defendant Werner's tortious behavior.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE AGAINST DEFENDANT WERNER**

37.    Plaintiffs re-allege and incorporate by reference all prior allegations set forth in this Complaint as though fully set forth herein.

38.    Defendant Werner was negligent and careless in the design, manufacture, inspection, assembly, installation, distribution, maintenance, and sale of the Subject Ladder and in the failure to warn and instruct with respect to the potential for a ladder walking or moving, while otherwise appearing to be stable on all four legs.

39.    As a direct and proximate result of the defective nature of the Subject Ladder and deficiencies in warnings and/or instructions, Plaintiff John Mancini suffered significant bodily injuries, some of which are permanent in nature, and has undergone extensive medical treatment. Plaintiff John Mancini has also experienced and continues to experience severe emotional distress, pain and suffering, and loss of enjoyment of life, caused by Defendant Werner's tortious behavior.

40.    As a direct and proximate result of the defective nature of the Subject Ladder and deficiencies in warnings and/or instructions, Plaintiff Susan Mancini suffered and continues to suffer severe emotional distress, loss of consortium, and loss of enjoyment of life, caused by Defendant Werner's tortious behavior.

6

**For purposes of Tier Classification, this case belongs in Tier 3.**

WHEREFORE, Plaintiffs pray for judgment against Defendant Werner as follows:

(1) For the reasonable value of medical expenses incurred by Plaintiff John Mancini;

(2) For pain and suffering;

(3) For Plaintiffs' costs of suit;

(4) For loss of consortium for Plaintiff Susan Mancini;

(5) For punitive damages against Defendant Werner; and

(6) For such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 4th day of April 2024.

**DAVIS MILES, PLLC**

By: */s/ Michael E. Medina, Jr.*
        Michael E. Medina, Esq
        Steven Weinberger, Esq
        *Attorneys for Plaintiff*

**THOMAS M. PARIS LAW**

By: */s/ Thomas M. Paris*
        Thomas M. Paris, Esq
        *Attorneys for Plaintiffs*

ORIGINAL filed via TurboCourt
this 4th day of April 2024 with:

Clerk of the Court
Maricopa County Superior Court

By: *Heather Y. McLeskey*

7

**DAVIS | MILES**
ATTORNEYS AT LAW

999 N Playa Del Norte, Suite 510
Tempe, AZ 85288
Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com
**Michael E. Medina, Jr., Bar No. 014846**
mmedina@davismiles.com
**Steven E. Weinberger, Bar No. 015349**
sweinberger@davismiles.com
*Attorneys for Plaintiff*

**Thomas M. Paris** (to be admitted *pro hac vice*)
55 W Monroe St, Suite 3330
Chicago, IL 60603
tp@tomparislaw.com

## SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOHN MANCINI and SUSAN MANCINI, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER CO., a foreign corporation; DOES I through X, ABC PARTNERSHIPS I through X, and BLACK CORPORATIONS I through X,<br><br>Defendants. | NO.:<br><br>**DEMAND FOR JURY TRIAL** |

NOTICE IS HEREBY GIVEN that pursuant to Rule 38(b) of the Arizona Rules of Civil Procedure, Plaintiff, pursuant to A.R.S. § 12-612(A), hereby requests a trial by jury of all triable issues in the above-captioned matter.

**RESPECTFULLY SUBMITTED** this 4th day of April 2024.

**DAVIS MILES, PLLC**

1

By: */s/ Michael E. Medina, Jr.*
    Michael E. Medina, Esq
    Steven Weinberger, Esq
    *Attorneys for Plaintiff*

**THOMAS M. PARIS LAW**

By: */s/ Thomas M. Paris*
    Thomas M. Paris, Esq
    *Attorneys for Plaintiffs*

ORIGINAL filed via TurboCourt
this 4th day of April 2024 with:

Clerk of the Court
Maricopa County Superior Court

By: *Heather Y. McLeskey*

2

# DAVIS | MILES

ATTORNEYS AT LAW

999 N Playa Del Norte, Suite 510
Tempe, AZ 85288
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com
**Michael E. Medina, Jr., Bar No. 014846**
mmedina@davismiles.com
**Steven E. Weinberger, Bar No. 015349**
sweinberger@davismiles.com
*Attorneys for Plaintiff*

**Thomas M. Paris** (to be admitted *pro hac vice*)
55 W Monroe St, Suite 3330
Chicago, IL 60603
tp@tomparislaw.com

## SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOHN MANCINI and SUSAN MANCINI, husband and wife, | NO.: |
| Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| vs. | |
| WERNER CO., a foreign corporation; DOES I through X, ABC PARTNERSHIPS I through X, and BLACK CORPORATIONS I through X, | |
| Defendants. | |

NOTICE IS HEREBY GIVEN that pursuant to Rule 38(b) of the Arizona Rules of Civil Procedure, Plaintiff, pursuant to A.R.S. § 12-612(A), hereby requests a trial by jury of all triable issues in the above-captioned matter.

**RESPECTFULLY SUBMITTED** this 4th day of April 2024.

**DAVIS MILES, PLLC**

1

By: /s/ Michael E. Medina, Jr.
    Michael E. Medina, Esq
    Steven Weinberger, Esq
    *Attorneys for Plaintiff*

**THOMAS M. PARIS LAW**

By: /s/ Thomas M. Paris
    Thomas M. Paris, Esq
    *Attorneys for Plaintiffs*

ORIGINAL filed via TurboCourt this 4th day of April 2024 with:

Clerk of the Court
Maricopa County Superior Court

By: *Heather Y. McLeskey*

2

Clerk of the Superior Court
*** Electronically Filed ***
C. McWhorter, Deputy
4/4/2024 11:22:40 AM
Filing ID 17606080

Person/Attorney Filing: Michael E Medina
Mailing Address: 999 E Playa Del Norte Dr, Ste 510
City, State, Zip Code: Tempe, AZ 85288
Phone Number: (480)344-0957
E-Mail Address: mmedina@davismiles.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 014846, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

John Mancini, et al.
Plaintiff(s),

v.

Werner Co.
Defendant(s).

Case No. CV2024-007594

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Michael E Medina /s/
Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
4/16/2024 11:20:34 AM
Filing ID 17665306

# DAVIS | MILES
ATTORNEYS AT LAW

999 N Playa Del Norte, Suite 510
Tempe, AZ 85288
Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com
**Michael E. Medina, Jr., Bar No. 014846**
mmedina@davismiles.com
**Steven E. Weinberger, Bar No. 015349**
sweinberger@davismiles.com
*Attorneys for Plaintiff*

**Thomas M. Paris** (to be admitted *pro hac vice*)
**Thomas M. Paris, Attorney at Law**
55 W Monroe St, Suite 3330
Chicago, IL 60603
tp@tomparislaw.com

## SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOHN MANCINI and SUSAN MANCINI, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER CO., a foreign corporation; DOES I through X, ABC PARTNERSHIPS I through X, and BLACK CORPORATIONS I through X,<br><br>Defendants. | **NO.: CV2024-007594**<br><br>**ACCEPTANCE OF SERVICE** |

Pursuant to Rule 4(f)(2), Arizona Rules of Civil Procedure, undersigned counsel for Defendant Werner Co., has been duly authorized to accept service of the Summons, Complaint (and Jury Demand), and Certificate of Arbitration and hereby executes this acceptance of service on behalf of Defendant Werner Co., thereby waiving the requirement of formal service of process on Werner Co.

1

This acceptance of service does not constitute a general appearance by Defendants nor do said Defendants waive any objection or defenses which would otherwise exist if said Summons and Complaint was personally served upon said Defendants.

Dated this 15th day of  April, 2024.

_____*Michael J. Meyer*_____
Michael J. Meyer
Tribler Orpett & Meyer, PC
*Attorney for Defendant Werner Co.*

ORIGINAL filed via TurboCourt
this 15th day of April 2024 with:

Clerk of the Court
Maricopa County Superior Court

By: *Heather Y. McLeskey*

2

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
5/3/2024 1:31:22 PM
Filing ID 17762800

**CHDB LAW LLP**
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282-5691
P. 480-427-2800; F. 480-427-2801
minuteentries@chdblaw.com
Wade R. Causey, Esq. (SBN 0012084)
wade.causey@chdblaw.com
*Attorneys for Defendant Werner Co.*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| JOHN MANCINI and SUSAN MANCINI, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER CO., a foreign corporation; DOES I-X, and PARTNERSHIPS I-X and BLACK CORPORATIONS I-X,<br><br>Defendants. | Case No. CV2024-007594<br><br>**ANSWER**<br><br>(Assigned to Honorable Brad Astrowsky) |

Defendant Werner Co. (hereinafter "Defendant"), through counsel undersigned and for its Answer to Plaintiffs' Complaint filed on April 4, 2024, hereby admits, denies and affirmatively alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    Answering Paragraph 1 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

2.    Answering Paragraph 2 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and, therefore, denies same.

3.      Answering Paragraph 3 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

4.      Answering Paragraph 4 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

5.      Answering Paragraph 5 of Plaintiffs' Complaint, Defendant admits that it designed and manufactured the subject ladder.  Defendant denies the remaining allegations contained therein.

6.      Answering Paragraph 6 of Plaintiffs' Complaint, Defendant admits that this Court has personal jurisdiction over Defendant.  Defendant denies the remaining allegations contained therein.

7.      Answering Paragraph 7 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and, therefore, denies same.

8.      Answering Paragraph 8 of Plaintiffs' Complaint, Defendant denies all of the allegations contained therein.

**GENERAL ALLEGATIONS**

9.      Answering Paragraph 9 of Plaintiffs' Complaint, Defendant incorporates its responses/objections to Paragraphs 1 through 8, as if fully set forth herein.

10.      Answering Paragraph 10 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and, therefore, denies same.

11.      Answering Paragraph 11 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

2

12.     Answering Paragraph 12 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

13.     Answering Paragraph 13 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

14.     Answering Paragraph 14 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

15.     Answering Paragraph 15 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

16.     Answering Paragraph 16 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

17.     Answering Paragraph 17 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

18.     Answering Paragraph 18 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

19.     Answering Paragraph 19 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

CHDB Law
Condo | HOA | Defense | Business

20.     Answering Paragraph 20 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

21.     Answering Paragraph 21 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

22.     Answering Paragraph 22 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

23.     Answering Paragraph 23 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

24.     Answering Paragraph 24 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

25.     Answering Paragraph 25 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein, and, therefore, denies same.

26.     Answering Paragraph 26 of Plaintiffs' Complaint, Defendant admits that the subject ladder was "rated" for at least 250 pounds.  Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained therein, and, therefore, denies same.

. . .

4

## COUNT I – STRICT PRODUCTS LIABILITY

## AGAINST DEFENDANT WERNER

27. Answering Paragraph 27 of Plaintiffs' Complaint, Defendant incorporates its responses/objections to Paragraphs 1 through 26, as if fully set forth therein.

28. Answering Paragraph 28 of Plaintiffs' Complaint, Defendant admits all of the allegations contained therein.

29. Answering Paragraph 29 of Plaintiffs' Complaint, Defendant admits all of the allegations contained therein.

30. Answering Paragraph 30 of Plaintiffs' Complaint, Defendant denies all of the allegations contained therein (including any references to a defective tire).

31. Answering Paragraph 31 of Plaintiffs' Complaint, Defendant denies all of the allegations contained therein.

32. Answering Paragraph 32 of Plaintiffs' Complaint, Defendant denies all of the allegations contained therein.

33. Answering Paragraph 33 of Plaintiffs' Complaint, Defendant denies all of the allegations contained therein.

34. Answering Paragraph 34 of Plaintiffs' Complaint, Defendant denies all of the allegations contained therein.

35. Answering Paragraph 35 of Plaintiffs' Complaint, Defendant denies all of Plaintiff's liability claims. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained therein, and, therefore, denies same.

36. Answering Paragraph 36 of Plaintiffs' Complaint, Defendant denies all of Plaintiff's liability claims. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations contained therein, and, therefore, denies same.

**COUNT II – NEGLIGENCE**

**AGAINST DEFENDANT WERNER**

37.    Answering Paragraph 37 of Plaintiffs' Complaint, Defendant incorporates its responses/objections to Paragraphs 1 through 36, as if fully set forth therein.

38.    Answering Paragraph 38 of Plaintiffs' Complaint, Defendant denies all of the allegations contained therein.

39.    Answering Paragraph 39 of Plaintiffs' Complaint, Defendant denies all of Plaintiff's liability claims.  Defendant without sufficient knowledge or information to either admit or deny the remaining allegations contained therein, and, therefore, denies same.

40.    Answering Paragraph 40 of Plaintiffs' Complaint, Defendant denies all of Plaintiff's liability claims.  Defendant without sufficient knowledge or information to either admit or deny the remaining allegations contained therein, and, therefore, denies same.

41.    Based upon information known to date, Defendant is unable to agree or disagree as to Plaintiffs' Tier 3 designation.

42.    All allegations contained within Plaintiffs' Complaint, not expressly admitted, are hereby denied.

**AFFIRMATIVE DEFENSES**

43.    That Plaintiffs' Complaint, and each and every portion thereof, fails to set forth facts sufficient to constitute any viable cause of action as against Defendant.

44.    That Plaintiffs' Complaint is barred by the applicable statute of limitation.

45.    That, by virtue of Plaintiffs' own acts, representations and conduct, Plaintiffs are estopped from asserting any claims against Defendant.

46.    That by virtue of Plaintiffs' own acts, representations and conduct, Plaintiffs have waived any right to assert any claims against Defendant.

6

47. That Plaintiffs' Complaint is barred by the doctrine of laches, in that Plaintiffs have unreasonably delayed in asserting their alleged claims against Defendant.

48. That Plaintiffs have failed to make reasonable efforts to mitigate their damages, if any, in whole or in part.

49. That if, at or about the time and place referenced in Plaintiffs' Complaint, Plaintiffs were caused to suffer any injury or damages, which Defendant denies, any such injury or damage was proximately and legally caused and contributed to by the negligence and fault of Plaintiffs, and said negligence and fault of Plaintiffs reduces, *pro rata*, any recovery otherwise available to Plaintiffs.

50. That, without admitting Plaintiffs have suffered, or will suffer, any damages or injuries as a result of conduct alleged in the Plaintiffs' Complaint, Defendant alleges that any damages or injuries which were or will be sustained by Plaintiffs were caused in whole or in part, by the negligence and/or tortious acts, omissions and/or conduct of persons, parties or entities other than Defendant. Any damages recoverable by Plaintiffs must be diminished in proportion to the amount of fault attributable to said other persons, parties or entities. That if, at or about the time and place referenced in Plaintiffs' Complaint, Plaintiffs were caused to suffer any injury or damage, which Defendant denies, then any such injury or damages was proximately and legally caused by the superseding and intervening conduct on the part of third parties, persons and entities other than Defendant and that, by virtue of said intervening and superseding conduct, Defendant has no legal liability to Plaintiffs herein.

51. That, by virtue of Plaintiffs' own acts and conduct, Plaintiffs knowingly, voluntarily and reasonably assumed all risks, if any, which were present at or about the time and place referenced in Plaintiffs' Complaint.

52. That Plaintiffs willingly, voluntarily and knowingly assumed each, every and all the risks and hazards involved in the activities referred to in the Complaint.

53.     Plaintiffs' claims are barred by A.R.S. §12-711.

54.     Although Defendant does not presently have specific facts in support of the remaining defenses, they wish to put Plaintiffs on notice that they hereby raise the following defenses, which, through subsequent discovery, may indeed be supported by facts: accord and satisfaction, arbitration and award, lack of jurisdiction, payment, release, *res judicata*, collateral estoppel, and settlement and release.

55.     Defendant hereby reserves its right to plead further affirmative defenses including, but not limited to, those affirmative defenses set forth in Rule 8(c) and Rule 12(b), Ariz. R. Civ. P., as may be justified by the facts determined during discovery.

56.     Plaintiffs' claims may be barred or reduced as a result of failure to properly install or maintain the subject product.

57.     Plaintiffs' claims may be barred because the subject product underwent substantial change, was altered, misused, and/or modified in an unforeseeable manner by parties outside of Defendant's control.

58.     The subject product was designed, marketed and manufactured in accordance with the state-of-the-art.

59.     The subject product was not defective nor unreasonably dangerous, it was reasonably designed, formulated, manufactured, marketed and any risks associated with it were clearly outweighed by any alleged risks.

60.     Any alleged risks associated with the subject product were open and obvious and not in need of a warning.

61.     Defendant alleges each and every affirmative defense set forth or contemplated by A.R.S. §12-681 through §12-687.

62.    Defendant reserves its right to amend its Answer and plead additional or more specific affirmative defenses as warranted by the facts determined through the conclusion of the discovery process.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays that the same be dismissed and that Plaintiffs take nothing thereby; for Defendant's lawful costs incurred herein; and for such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 3rd day of May, 2024.

CHDB LAW LLP


By:    /s/ *Wade R. Causey, Esq.*
       Wade R. Causey, Esq.
       1400 East Southern Avenue, Suite 400
       Tempe, Arizona 85282-5691
       *Attorneys for Defendant Werner Co.*

**ORIGINAL** of the foregoing e-filed
this 3rd day of May, 2024.

**COPY** of the foregoing mailed/e-mailed
this 3rd day of May, 2024, to:

Michael E. Medina, Jr.
Steven E. Weinberger
DAVIS MILES
999 N. Playa Del Norte, Suite 105
Tempe, Arizona 85288
 sweinberger@davismiles.com
 mmedina@davismiles.com
 sweinberger@davismiles.com
*Attorneys for Plaintiff*


By: /s/ *Suzanne Hilborn*

9